IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY LASHON THOMAS (BOP Register No. 28038-077), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:14-cv-3740-D-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Gregory Lashon Thomas, a federal prisoner proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, raising grounds that the indictment was defective, that the evidence was insufficient, and that his trial and appellate counsel were constitutionally ineffective. *See* Dkt. Nos. 1 & 2. United States District Judge Sidney A. Fitwater has referred this case to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The government has filed a response in opposition to Thomas's motion, *see* Dkt. No. 7, and Thomas has filed a reply brief, *see* Dkt. No. 8. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Thomas's Section 2255 motion.

**Applicable Background**

Thomas was indicted on three counts of mail fraud and a single count of conspiracy to commit mail fraud. *See United States v. Thomas*, No. 3:11-cr-168-D (01)

(N.D. Tex.), Dkt. No. 1. He proceeded to trial, and a jury found him guilty on all four counts on September 7, 2012. *See* No. 3:11-cr-168-D (01), Dkt. No. 102. On December 21, 2012, the Court sentenced him to 189 months' incarceration. *See* No. 3:11-cr-168-D (01), Dkt. No. 128. The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *See United States v. Thomas*, 548 F. App'x 987 (5th Cir. 2013) (per curiam). And the United States Supreme Court denied his petition for writ of certiorari. *See Thomas v. United States*, 134 S. Ct. 1956 (2014).

This Section 2255 motion was timely filed. *See* 28 U.S.C. § 2255(f)(1).

## Legal Standards and Analysis

Thomas enumerates five grounds for relief. Through the first two grounds, he challenges the indictment as well as the sufficiency of the evidence at trial. The final three grounds concern the effectiveness of his trial and appellate counsel. Because Thomas has procedurally defaulted the first two claims absent a meritorious Sixth Amendment claim, the undersigned examines the three ineffective-assistance-of-counsel grounds first.

<u>Ineffective Assistance of Counsel</u>

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel – whether that counsel represents a defendant at trial or on appeal – under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. And, to be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The movant also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

To demonstrate prejudice, a movant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Thomas first claims that both trial and appellate counsel "failed to raise the issue of a constructive amendment of the indictment created by the proof's showing a different offense than the offense charged." Dkt. No. 1 at 5. He asserts that their failure to raise this issue resulted in him being "convicted by virtue of honest services." *Id.*

"'The indictment cannot be broadened or altered except by the grand jury.'" *United States v. Achaval*, 547 F. App'x 470, 474 (5th Cir. 2013) (per curiam) (quoting *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). Therefore, an impermissible "constructive amendment occurs when the trial court 'through its instructions and facts it permits in evidence, allows proof of an essential element of the crime on an

-4-

alternative basis provided by the statute but not charged in the indictment.'" *United States v. Scher*, 601 F.3d 408, 411 (5th Cir. 2010) (quoting *United States v. Phillips*, 477 F.3d 215, 222 (5th Cir. 2007)); *cf. United States v. Isgar*, 739 F.3d 829, 840 (5th Cir. 2014) ("The Fifth Amendment guarantees that a criminal defendant will be tried only on charges alleged in a grand jury indictment.").

> In reviewing a jury charge claimed to have amended an indictment, [a reviewing] court begins by considering "whether the jury instruction, taken as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of the law applicable to the factual issues confronting them." [That court also] "scrutinize[s] any difference between an indictment and a jury instruction and will reverse only if that difference allows the defendant to be convicted of a separate crime from the one for which he was indicted."

*Achaval*, 547 F. App'x at 474 (quoting *Scher*, 601 F.3d at 411).

At Thomas's trial, the Court's jury charge was consistent with the facts alleged in the indictment and mirrored the Fifth Circuit Pattern Jury Instructions. *Compare* No. 3:11-cr-168-D (01), Dkt. No. 1, *with* No. 3:11-cr-168-D (01), Dkt. No. 163 at 131-34. Where "a charge ... tracks [the Fifth] Circuit's pattern jury instructions" and also "is a correct statement of the law," there is no error. *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009). Therefore, counsel were not ineffective for failing to raise a constructive-amendment-of-the-indictment argument. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections" (citation omitted)).

Thomas next argues that appellate counsel was constitutionally ineffective for failing to raise on appeal "that the mails were not used to induce lenders or in

-5-

furtherance of the alleged scheme," Dkt. No. 1 at 6, an issue Thomas preserved for direct appeal by raising it in an unsuccessful motion for a directed verdict, *see* No. 3:11-cr-168-D (01), Dkt. No. 163 at 21-26; *compare id.* at 26 (the Court finding that a reasonable jury could find beyond a reasonable doubt "that the defendant mailed something or caused another person to mail something through the United States Postal Service or a private or commercial intrastate carrier for the purpose of carrying out the scheme alleged in the count of the indictment"), *with Schmuck v. United States*, 489 U.S. 705, 712 (1989) (holding that "a mailing that is 'incident to an essential part of the scheme' satisfies the mailing element of the mail fraud offense" (quoting *Pereira v. United States*, 347 U.S. 1, 8 (1954))).

"[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith*, 528 U.S. at 288 (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). "Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Id.*; *see also United States v. Tucker*, 434 F. App'x 355, 362 (5th Cir. 2011) (per curiam) ("The Supreme Court has recognized 'the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" (quoting *Barnes*, 463 U.S. at 752)).

Because Thomas has not shown that the argument he contends counsel should have raised on appeal has any basis in law or fact, he cannot show that his appellate counsel was constitutionally ineffective for failing to include it in the merits brief on

direct appeal. *Cf. Smith*, 528 U.S. at 766 (noting that proving *Strickland*'s deficient performance prong is more difficult where an appellate merits brief is filed because a movant must show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present").

Thomas's final Sixth Amendment claim is that his trial counsel "refused to subpoena three defense witnesses," whose testimony, Thomas asserts, "would have provided critical evidence that went to the heart of the defense." Dkt. No. 1 at 7.

> [C]omplaints of uncalled witnesses are not favored on habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail on such a claim, a petitioner must show that the witness's testimony would have been favorable and that the witness would have testified. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). And where the only evidence of missing witnesses' testimony is from the defendant, the court views claims of ineffective assistance with great caution. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).

*Dennis v. Quarterman*, No. 4:07-cv-20-Y, 2008 WL 1808546, at *4 (N.D. Tex. Apr.21, 2008).

Here, Thomas fails to show both that these witness would have testified at his trial and, with any specificity, that their testimony would have been favorable, such that their testimony would have altered the outcome of his case. He therefore has not shown that trial counsel was constitutionally ineffective for failing to subpoena these witnesses.

Indictment and Sufficiency of the Evidence

Post-conviction relief under Section 2255 is ordinarily limited to questions of

constitutional or jurisdictional magnitude that could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *See United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992).

To raise an issue for the first time on collateral review, a movant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). This rule – which does not apply to ineffective-assistance-of-counsel claims – "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). And, other than ineffective-assistance-of-counsel claims, "[t]his rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Wainwright to Sykes*, 433 U.S. 72, 84 (1977)).

The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Thomas makes several claims concerning the indictment – that its allegations failed to "constitute a crime" of mail fraud; that it fails to "state a viable money or property interest"; and that it "contained an invalid honest services … allegation – and regarding the sufficiency of the evidence (e.g., "The majority of the governments [sic] case was based upon evidence of the defendants [sic] 'failure to disclose' imputing a fiduciary duty upon the defendant that he did not have. The indictment, proof at trial

and closing arguments were permeated with the inference of guilt because the defendant failed to disclose seller proceeds."). Dkt. No. 1 at 5.

None of these claims were raised on direct appeal. And, other than his unmeritorious claims that his counsel was ineffective, analyzed above, Thomas has failed to show any cause for this default or allege actual prejudice.

But merely asserting a claim of ineffective assistance of counsel does not "establish[] cause to excuse [ ] procedural default" – "in order to constitute cause, ineffective assistance claims must have merit." *Reynolds v. United States*, Nos. CV 109-061 & CR 106-081, 2010 WL 1006257, at *4 (S.D. Ga. Jan. 26, 2010), *rec. adopted*, 2010 WL 1006253 (S.D. Ga. Mar 17, 2010) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)); *see also Murray*, 477 U.S. at 486 ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."); *Duran v. Director, TDCJ-CID*, No. 4:12cv266, 2015 WL 5837486, at *5 (E.D. Tex. Sept. 30, 2015) ("To overcome the default, Petitioner must show that his appellate attorney was ineffective in failing to raise the claims on direct appeal." (citing *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009))).

Thomas has therefore procedurally defaulted his non-ineffective-assistance-of-counsel claims.

### Recommendation

The Court should deny Thomas's Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2016

                                                                 DAVID L. HORAN
                                                                 UNITED STATES MAGISTRATE JUDGE